863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry W. FLATT, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 88-5435.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1988.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 Terry Flatt appeals the district court's sua sponte dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In an amended complaint, Flatt claimed that the Tennessee Department of Correction and its officials violated his procedural due process rights when they based his disciplinary conviction of possession of marijuana on insufficient evidence and failed to provide him a timely disciplinary hearing in accordance with their policies. As punishment, Flatt's parole date was delayed by thirty days. The district court sua sponte dismissed the action for Flatt's failure to state a claim upon which relief can be granted.
 
 
 4
 Upon consideration we conclude that Flatt failed to state a cognizable claim for relief because his disciplinary conviction was supported by at least "some evidence" in compliance with due process. See Superintendent v. Hill, 472 U.S. 445 (1985); Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987). Relevant prison guidelines likewise failed to vest Flatt with any other liberty interest cognizable under the due process clause. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985).
 
 
 5
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting by designation